1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JORGE ENRIQUE MURILLO,                    Case No.      11cv1560 CAB (BGS)
      CDCR #T-16641,
12                                              **ORDER GRANTING IN PART AND**
                                    Plaintiff,  **DENYING IN PART   DEFENDANTS'**
13                                              **MOTION TO DISMISS PLAINTIFF'S**
                                                **COMPLAINT PURSUANT TO**
14        vs.                                   **Fed.R.Civ.P. 12(b)(6)**

15    D.K. McBRIDE; RONQUILLO; N.               **[ECF No. 23]**
      CATALUNA; V. KEMP; BLUEFORD;
16    SALANG; D. ARGUILEZ; E. GARCIA;
      CLARK; R. COBB,
17
                                   Defendants.
18

19            Jorge Enrique Murillo  ("Plaintiff"), currently incarcerated at Kern Valley State Prison

20    in Delano, California, is proceeding in pro se and *in forma pauperis* ("IFP") in this civil rights

21    action filed pursuant to 42 U.S.C. § 1983.

22    **I.        Procedural History**

23            On July 11, 2011, Plaintiff filed his Complaint, naming Defendants McBride, Ronquillo,

24    Cataluna, Kemp, Blueford, Salang, Arguilez, Garcia, Clark and Cobb.  On October 28, 2011, the

25    Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP"), denied Plaintiff's Motion

26    for Appointment of Counsel and directed the U.S. Marshal to effect service of the Complaint

27    pursuant to Fed.R.Civ.P. 4(c)(3) and 28 U.S.C. § 1915(d).

28    / / /

On January 17, 2012, Defendants have filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) [ECF No. 23].  The Court set Defendants' Motion on calendar for March 23, 2012 to be submitted on the papers without oral argument pursuant to S.D. CAL. CIVLR 7.1(d)(1).  That time has since passed and Plaintiff has not filed an Opposition. On February 16, 2012, this matter was transferred to the calendar of United States District Judge Cathy Ann Bencivengo

**II.     Factual Allegations**[1]

In 2010, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego.  (*See* Compl. at 1.)  Plaintiff claims that from April 5, 2010 to April 15, 2010, he and his cellmate were confined to their cell on a twenty four (24) hour basis.  (*Id.* at 7.)  During that period, Plaintiff claims they had a "broken toilet, full of human feces."  (*Id.*)  Plaintiff alleges that he would ask Defendant Ronquillo every day during that period to help them get the toilet fixed and she would reply "later." (*Id.*)  On the tenth day, Plaintiff states that the toilet was "finally fixed." (*Id.*)

Plaintiff attempted to file a grievance related to the actions of Defendant Ronquillo.  (*Id.* at 8.)  His grievance was returned by Defendant Cobb who informed Plaintiff that he must attempt a resolution at the informal level with Defendant Ronquillo.  (*Id.*)  When Plaintiff submitted a grievance to Ronquillo, he claims Defendant Ronquillo retaliated against him by moving Plaintiff to a different building.  (*Id.*)

On June 22, 2010, Plaintiff alleges he was "grabbed" by his t-shirt and "forced into a cell" with "mentally ill inmate" by Defendant Cataluna.  Plaintiff was handcuffed by Defendant Kemp and pulled further into the cell.  (*Id.*)  Officer Kemp told Plaintiff "you need to go in." (*Id.* at 12.)  Plaintiff refused and he informed Defendants he was willing to go to Administrative Segregation ("Ad-Seg") rather than be housed with the mentally ill cellmate.  (*Id.*)  Three officers are alleged to have then picked up Plaintiff "in a hog tie style," at which time Plaintiff claims he told them "take me anywhere you want to, but don't put me in that cell." (*Id.* at 9-10.) Plaintiff alleges Defendant Kemp "grabbed Plaintiff by this neck" and threw "him to the floor."

---

[1] The allegations are based on those that are set forth in Plaintiff's Complaint.

1  (*Id.* at 10.)  Plaintiff claims three officers began to "beat Plaintiff while he was laying on the
2  floor on his stomach." (*Id.*)  Defendant Blueford "handcuffed Plaintiff" and escorted him out
3  of the building. (*Id.* at 14.)  Plaintiff claims Defendant Blueford asked him "do you want me to
4  throw you down the stairs?" (*Id.*)  Plaintiff was then escorted to Ad-Seg at which time he claims
5  that Defendant Clark, an officer in charge of receiving and releasing inmate property, refused
6  to deliver any of his property to his new housing unit. (*Id.* at 22.)

7       Plaintiff alleges that after this incident, Defendants filed a false report that lead to a
8  disciplinary hearing. (*Id.* at 14-15.)  On August 25, 2010, Defendant Arguilez acted as the
9  Senior Hearing Officer at Plaintiff's discplinary hearing. (*Id.* at 19.)  Plaintiff claims that
10  Defendant Arguilez denied him an interpreter even though Plaintiff speaks very little English,
11  deprived him of his right to call witnesses, as well as committing a variety of other procedural
12  deficiencies. (*Id.* at 19-20.)  Plaintif was sentenced to an eleven month "SHU[2]" term. (*Id.*)
13  Plaintiff claims he attempted to file many grievances but Defendants refused to respond to any
14  of them. (*Id.* at 21.)

15  **III.   Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6)**

16       Defendants move to dismiss a portion of Plaintiff's  Complaint for failing to state a claim
17  upon which relief may be granted pursuant to FED.R.CIV.P. 12(b)(6).

18       **A.   FED.R.CIV.P. 12(b)(6) Standard of Review**

19       A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory'
20  or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside*
21  *Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica*
22  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must
23  provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.*
24  (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the
25  defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson*
26  *v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).
27  / / /
28

---

[2]  "SHU" is an aconym for segregated housing unit.

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).

The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation.").  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Thus, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557); *Valadez-Lopez v. United States*, 656 F.3d 851, 858-59 (9th Cir. 2011).

However, claims asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972); *Erickson*, 551 U.S. at 94.  Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (noting that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")).

Nonetheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a

1    motion to dismiss." *Id.*

2        **B.    Application to Plaintiff's Complaint**

3            **1. Claims brought under more than one Constitutional Amendment**

4        Defendants move to dismiss several of Plaintiff's claims on the grounds that Plaintiff

5    brings the same claims under several different Constitutional amendments.   "Where an

6    amendment 'provides an explicit textual source of constitutional protection against a particular

7    sort of government behavior,' it is that Amendment, that 'must be the guide for analyzing the

8    complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510

9    U.S. 266, 273 (1994) (plurality opinion)).

10       Thus, the Court **GRANTS** Defendants Motion to the extent that the Court will analyze

11   each of Plaintiff's claims arising under the appropriate amendment.

12           **2.    Fourteenth Amendment Procedural Due Process claims**

13       Plaintiff alleges that Defendants Salang, Cataluna, Clark and Blueford submitted false

14   disciplinary reports that resulted in his disciplinary hearing.  Plaintiff also alleges that Defendant

15   Arguilez[3] presided over his disciplinary hearing but failed to give him the process he was due

16   in violation of his Fourteenth Amendment rights.   Defendants Salang, Catalua, Clark and

17   Blueford seek dismissal of these claims on the grounds that "[p]risoners do not have a

18   constitutional right to be free from falsified disciplinary reports."  (Defs. Memo of Ps & As in

19   Supp. of Mtn. to Dismiss at 10 (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)).

20       The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving

21   any person of life, liberty, or property, without the due process of law."  U.S. CONST. AMEND.

22   XIV.  The procedural guarantees of due process apply only when a constitutionally-protected

23   liberty or property interest is at stake.  *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974) In

24   order to invoke the protection of the Due Process Clause, Plaintiff must first establish the

25

26           [3]  Defendant Arguilez moves only to dismiss Plaintiff's claims against him brought under the
27   First and Eighth Amendments.  Plaintiff also seeks to hold Defendant Arguilez liable under the
     Fourteenth Amendment. (*See* Compl. at 19.)  As stated above, Plaintiff's claims against this Defendant
28   are more properly analyzed under the Fourteenth Amendment.  *See Albright*, 510 U.S. at 273.  Because
     Defendant Arguilez does not move to dismiss the Fourteenth Amendment claims against him, those
     claims remain in the action.

existence of a liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (citing *Sandin*, 515 U.S. at 484); *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) (noting that *Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest which required due process protection). Due process protections are implicated if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Defendants do not address *Sandin*, instead Defendants cite to an Eighth Circuit case, *Sprouse*, 870 F.2d at 452 and a Second Circuit case, *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), for the proposition that the filing of false disciplinary charges is insufficient to state a due process claim. (*See* Defs.' Memo of Ps &As at 10.) However, these cases, which are not binding on this Court, were decided prior to United State Supreme Court's decision in *Sandin*. In addition, *Freeman* does not hold that prisoners have no Fourteenth Amendment liberty interest in remaining free from false or malicious disciplinary accusations; *Freeman* holds only that once a liberty interest *has* been implicated, disciplinary proceedings affecting that interest must satisfy the requirements of due process as set forth in *Wolff*. *Freeman*, 808 F.2d at 951 ("Rideout concedes that Freeman had a constitutionally protected right not to be placed in punitive segregation without due process . . . . Rideout, however, also contends that the disciplinary hearing provided Freeman with all the procedural due process to which he was entitled.") (citations omitted).

Because Defendants do not argue that Plaintiff has not established a liberty interest as required by *Sandin* and the Court finds that an eleven month "SHU" terms satisfies *Sandin's* "atypical and significant" requirement, Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Due Process claims relating to his disciplinary charges and hearing is **DENIED**

1    pursuant to FED.R.CIV.P. 12(b)(6).

2            3.      **Access to Courts claim**

3            Plaintiff claims, with very few factual allegations, that Defendants have denied his right

4    to access to the courts.  Defendants move to dismiss all of Plaintiff's access to courts claims

5    because he has failed to show an "actual injury" as required by *Christopher v. Harbury*, 536 U.S.

6    403, 413-13 (2002).  (*See* Defs.' Memo of Ps & As at 5.)

7            Prison officials who deliberately interfere with the transmission of a prisoner's legal

8    papers, or deny him access to a legitimate means to petition for redress for the purpose of

9    thwarting his litigation may violate the prisoner's constitutionally protected right of access to the

10   courts.  *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Vandelft v. Moses*, 31 F.3d 794, 796 (9th

11   Cir. 1994).  However, in order to state a claim for denial of access to the courts, Plaintiff must

12   allege a specific actual injury involving a nonfrivolous legal claim, *Lewis*, 518 U.S. at 351-55,

13   and must allege facts showing that he "could not present a claim to the courts because of the

14   [Defendants'] failure to fulfill [their] constitutional obligations."  *Allen v. Sakai*, 48 F.3d 1082,

15   1091 (9th Cir. 1994).  The right of access is only guaranteed for certain types of claims:  direct

16   and collateral attacks upon a conviction or sentence, and civil rights actions challenging the

17   conditions of confinement.  *Lewis*, 518 U.S. at 354.  Even among these types of claims, actual

18   injury will exist only if  "a nonfrivolous legal claim had been frustrated or was being impeded."

19   *Id.* at 353 & n.3.  Thus, to state a claim for interference with the right of access to the courts, an

20   inmate must plead facts sufficient to show that prison officials have actually frustrated or

21   impeded a nonfrivolous attack on either his sentence or the conditions of his confinement.  *Id.*

22   at 352-53.

23           Here, Defendants argue that Plaintiff has failed to satisfy the "actual injury" requirement

24   of an access to courts claim.  Plaintiff briefly mentions a case that he had pending in the District

25   Court of Arizona, but Plaintiff does not indicate the underlying nature of any of these pending

26   claims.  As correctly noted by Defendants, Plaintiff must allege  the "underlying cause of

27   action."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Plaintiff alleges no facts to show

28   that his claims are either a direct and collateral attack upon his conviction or sentence or a civil

1  rights actions challenging the conditions of confinement and that it was "nonfrivolous."  *See*

2  *Lewis*, 518 U.S. at 353, 354.

3      Thus, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's access to courts

4  claim pursuant to FED.R.CIV.P. 12(b)(6).

5      ### 4.    Ineffective Grievance process

6      Defendants move to dismiss all of Plaintiff's claims that they failed to properly process

7  his administrative grievances on the grounds that Plaintiff has failed to state a Fourteenth

8  Amendment due process claim.  State statutes and prison regulations may grant prisoners liberty

9  or property interests sufficient to invoke due process protection.  *Meachum v. Fano*, 427 U.S.

10  215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege: "(1) a liberty

11  or property interest protected by the Constitution; (2) a deprivation of the interest by the

12  government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

13  However, the Ninth Circuit has held that prisoners have no protected *property* interest in an

14  inmate grievance procedure arising directly from the Due Process Clause.   *See Ramirez v.*

15  *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement

16  to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

17  1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate

18  claim of entitlement to a [prison] grievance procedure.")).

19      Thus, Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process

20  claims relating to the alleged inadequacy of the administrative grievance process is **GRANTED**

21  pursuant to  FED.R.CIV.P. 12(b)(6)

22      ### 5.    Property claims

23      Defendant Clark moves to dismiss the claims against her based on Plaintiff's allegations

24  that she deprived him of his property when he was transferred to "Ad-Seg."  To the extent that

25  Plaintiff is attempting to bring a Fourteenth Amendment due process claim relating to the

26  unauthorized deprivation of his property, such a claim will not state a federal cause of action

27  under § 1983 if the plaintiff has an adequate post-deprivation state remedy.  *See Hudson v.*

28  *Palmer*, 468 U.S. 517, 533 (1984).  The California Tort Claims Act ("CTCA") provides an

adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Here, Plaintiff has an adequate state post-deprivation remedy.  Thus, Defendant Clark's Motion to Dismiss Plaintiff's Fourteenth Amendment property claims is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6).

### 6.  Respondeat Superior

Defendants McBride and Garcia move to dismiss all the claims against them as they argue they are based on supervisory liability.  Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Therefore, when a named defendant holds a supervisory position, a causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisor either:  personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has not alleged any facts which show that Defendant McBride or Garcia was the "moving force" behind any of the alleged constitutional violations.  *Hansen*, 885 F.2d at 646.  Accordingly, Defendants McBride and Garcia's Motion to Dismiss Plaintiff's claims against them is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6).

## IV.  Remaining Claims and Defendants

There are claims that remain in this action based on the above Order, as well as the fact that Defendants did not move to dismiss the entire Complaint.  Accordingly, the Court will set forth the following claims for the sake of clarity.  The claims and Defendants that remain in this action are as follows: (1) Eighth Amendment conditions of confinement claims against Defendant Ronquillo; (2) Retaliation claims against Defendant Ronquillo; (3) Eighth

Amendment excessive force claims against Defendants Cataluna and Kemp; (4) Eighth Amendment "failure to protect" claims against Defendant Blueford; and (5) Fourteenth Amendment procedural due process claims against Defendants Arguilez, Salang, Cataluna, Clark and Blueford.  All claims have been dismissed against Defendants Cobb, McBride and Garcia.

**V.      Conclusion and Order**

Based on the foregoing, the Court hereby:

1)      **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 23] pursuant to FED.R.CIV.P. 12(b)(6);

2)      **GRANTS** Defendants Cobb, McBride and Garcia's Motion to Dismiss all of Plaintiff's claims against them pursuant to FED.R.CIV.P. 12(b)(6).  The Clerk of Court is directed to terminate these Defendants from the docket;

**IT IS FURTHER ORDERED that**:

Defendants Ronquillo, Cataluna, Kemp, Blueford, Salang, Arguilez and Clark shall serve and file an Answer to Plaintiff's Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED**.

DATED:  April 16, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge