# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ENRIQUE MURILLO, CDCR #T-16641,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>D.K. McBRIDE; MS. RONQUILLO; N. CATALUNA; V. KEMP; BLUEFORD; C. SALANG; LT. D. ARGUILEZ; E. GARCIA; MS. CLARK; R. COBB,<br><br>　　　　　　Defendants. | Civil No.　11-cv-1560-BAS(KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY FULL CIVIL FILING FEE AND REVOKING ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**[ECF No. 50]** |

## I. PROCEDURAL HISTORY

On July 11, 2011, while incarcerated at Corcoran State Prison located in Corcoran, California, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 regarding conditions of his confinement when he was incarcerated at the Richard J. Donovan Correctional Facility in 2010. (*See* Compl., ECF No. 1, at 1.) In addition, Plaintiff filed two Motions to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 2, 6.)

On October 28, 2011, the Court granted Plaintiff's Motion to Proceed IFP and directed service of the Plaintiff's Complaint on the named Defendants. (ECF No. 9.) Defendants have

now filed a "Motion for Order Revoking Plaintiff's *In Forma Pauperis* Status, Declaring Plaintiff a Three-Strikes Litigant, and Dismissing the Complaint." (ECF No. 50.) Plaintiff has filed an Opposition to which Defendants have filed a Reply. (ECF Nos. 55, 58.)

## II.   DEFENDANTS' MOTION

In this Motion, Defendants seek revocation of Plaintiff's IFP status, as well as dismissal of this action for failing to pay the initial civil filing fee. (*See* Defs.' Memo of Ps & As [ECF No. 50-1] at 5.) Defendants also request judicial notice of previous civil filings by Plaintiff. (*See* Defs. Req. for Judicial Notice [ECF No. 50-3] at 1.) A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In this case, the Court finds it is appropriate to take judicial notice of the documents attached to Defendants' Notice.

Defendants argue that Plaintiff is not entitled to IFP status in this matter based on his previous litigation history. *See* 28 U.S.C. § 1915(g). In addition, Defendants argue that Plaintiff's "complaint did not allege that he was under imminent danger of serious physical injury" at the time he filed this action. (Defs.' Memo of Ps & As at 5; citing *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (hereafter "*Cervantes*") (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.")).

### A.   Standard

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**B.    Application of 28 U.S.C. § 1915(g)**

Defendants set forth two district court cases and one appellate matter, filed by Plaintiff, which they argue constitute "strikes" under 28 U.S.C. § 1915(g).[1] These matters are as follows:

1. *Murillo v. Le Beau*, C.D. Cal. Civil Case No. 2:05-cv-07280R-RNB (Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge dismissing Complaint for failing to state a claim dated Nov. 7, 2005);

---

[1] Defendants also submit a case filed by Plaintiff in 2012 which was dismissed for failing to state a claim. However, Defendants "acknowledge the [dismissal] does not apply for the basis of the determination of this matter." (Defs. Memo of Ps & As at 4, fn.1.) This matter clearly does not apply to the motion before this Court and was not considered by the Court.

  2. *Murillo v. Inserra*, AZ Civil Case No. 2:05-cv-01713-EHC-VAM (Order Dismissing Complaint for failing to state a claim dated Jan. 11, 2006); and

  3. *Murillo v. Inserra*, 9th Cir. Court of Appeal Doc. No. 06-15256 (Order dismissing appeal for failing to prosecute following failure to pay filing fee after denial of Motion to Proceed *In Forma Pauperis* dated July 13, 2006).

  The first two actions are clearly "strikes" within the meaning of 1915(g) as both of these actions were dismissed for failing to state a claim. The third proposed "strike" set forth by Defendants is an appeal brought by Plaintiff of the case that forms the basis of his second "strike." Section 1915(g) defines a "strike" as an "action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Defendants argue that this appeal was frivolous because the Ninth Circuit denied Plaintiff the right to proceed IFP on appeal by finding that the appeal was not taken in good faith. (*See* Defs. Memo of Ps & As at 4.) Plaintiff argues that this appeal cannot constitute a "strike" because the appeal was dismissed for failing to prosecute. (*See* Pl.'s Opp'n at 5.)

  The Court has reviewed the docket in this appeal. On March 10, 2006, the district court in the underlying matter determined that the appeal was not filed in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*See Murillo v. Inserra*, 9th Cir. Court of Appeal Doc. No. 06-15256 , ECF No. 8.) "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). The appellate court has the authority to find that the district court erred in finding that an appeal was not taken in good faith. *See O'Neal*, 531 F.3d at 1150. In the matter before this Court, a review of the appellate docket shows that the Ninth Circuit agreed that Plaintiff's appeal was not taken in good faith and therefore, Plaintiff's appeal was frivolous. The Ninth Circuit denied Plaintiff's motion to proceed IFP on appeal and informed him that he must pay the filing fee or the matter would be dismissed for failing to prosecute. (*See Murillo v. Inserra*, 9th Cir. Court of Appeal Doc. No. 06-15256 , ECF No. 18.)

Plaintiff failed to pay the filing fee within the time prescribed and the case was dismissed for failing to prosecute. (*Id.*, ECF No. 18.)

The Ninth Circuit has held that "strikes" pursuant to § 1915(g) are "prior cases *or appeals*, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim." *Lira v. Herrera*, 427 F.3d 1164, 1170 n. 7 (9th Cir. 2005) (emphasis added). Here, Plaintiff's appeal was dismissed because the Ninth Circuit denied his IFP on the grounds that his appeal was frivolous. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (When an appeals court relies on a district court's finding that an appeal is "not taken in good faith," the "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity.") (citation omitted.) Accordingly, this Court finds that this matter constitutes Plaintiff's third "strike."

## B. Imminent danger of serious physical injury

There is an exception to the three strikes bar of § 1915(g) if there is a "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). However, at the time Plaintiff filed this Complaint regarding incidents at RJD, he was housed in a different prison. Moreover, there are no claims in Plaintiff's Complaint that he faced "imminent danger of serious physical injury" while housed at Corcoran relating to the claims in this action.

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) Defendants' Motion to Revoke Plaintiff's IFP status under the "Three Strikes" provision of 28 U.S.C. § 1915(g) is **GRANTED**.

2) Plaintiff must pay $350 filing fee in full within thirty (30) days from the date this Order is Filed. If Plaintiff fails to pay the filing fee within thirty (30) days, this action will be dismissed.

**IT IS SO ORDERED.**

**DATED: June 23, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**